1  Donnie R. Cox, Esq.  SBN: 137950
   LAW OFFICES OF DONNIE R. COX
2  402 N. Nevada Street
   Oceanside, CA 92054
3  (760) 400-0263 telephone
   (760) 400-0269 facsimile
4  drcoxlaw@aol.com

5

   ATTORNEY FOR PLAINTIFFS
6

7        **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA**

9

10 MICHAEL RABINOWITZ; M.R., a minor;)   CASE NO: CV13 - 04823 GW (JEMx)
   by and through their Guardian Ad Litem,)
11 MARION G. RABINOVITZ,               )   COMPLAINT FOR DAMAGES
                                       )
12              Plaintiffs,            )   Causes As to All City of Los Angeles
                                       )   Defendants
13       v.                            )
                                       )   1. 42 U.S.C. §1983 Constitutional
14                                     )      Violations;
                                       )   2. 42 U.S.C. §1983 Constitutional
15 CITY OF LOS ANGELES; LOS            )      Violations - Unlawful Policies,
   ANGELES POLICE DEPARTMENT;          )      Procedures, Practice, Customs and/or
16 DETECTIVE CARLOS FIGUEIRA;          )      Habits;
   DETECTIVE  N. ORTEGA;               )   3. Negligence;
17 DETECTIVE L. VINCE;  COUNTY OF      )   4. False Arrest;
   LOS ANGELES; LOS ANGELES            )   5. Battery;
18 DEPARTMENT OF CHILDREN AND          )   6. State Civil Rights Code Section 52.1
   FAMILY SERVICES; MARC               )
19 WILLIAMS; EMILIO MENDOZA;           )
   JOANNE COTHERN; CHELSEA             )   Causes As to All County of Los Angeles
20 MARTIN; DONNA BUCKLEY; and          )   Defendants.
   Does 1 through 10 Inclusive,        )   7. 42 U.S.C. §1983-1985 Civil Rights
21                                     )      Violation;
              Defendants.              )   8.  Monell Related Claims;
22                                     )   9.  Assault and Battery;
                                       )   10. Battery;
23                                     )   11. False Imprisonment;
                                       )   12. Intentional Infliction of Emotional
24                                     )      Distress;
                                       )   13. State Civil Rights Code Section 43
25                                     )   14. State Civil Rights Code Section 52.1
                                       )
26 _____)   DEMAND FOR JURY TRIAL

27

28 ///

   _____
   COMPLAINT FOR DAMAGES                    1

MICHAEL RABINOVITZ, M.R., a minor, by and through her Guardian *Ad Litem*, Marion G. Rabinovitz, allege as follows:

1. Pursuant to this Court's local Rule 8-1, Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under 42 U.S.C. §1983 as to violations of Plaintiffs' rights under the U. S. Constitution and laws, including those under the First, Fourth and Fourteenth Amendments, as well as supplemental jurisdiction for Plaintiffs' state claims asserted pursuant to 28 U.S.C. §1367(a); all of which Plaintiffs request be tried and heard before a jury.

2. At all relevant times mentioned in this Complaint, Plaintiffs were residents of Los Angeles County, California.

3. Marion G. Rabinovitz, paternal grandmother had made application for the appointment as Guardian ad Litem for the minor, M.R., in this action which has been filed concurrently.

4. At all times mentioned herein, the CITY OF LOS ANGELES (hereinafter "CITY") was and is a public entity.

5. At all times mentioned herein, the CITY OF LOS ANGELES POLICE DEPARTMENT (hereinafter "LAPD") was and is a subdivision or entity of the CITY OF LOS ANGELES .

6. At all times mentioned herein, Defendant CARLOS FIGUEIRA (hereinafter "FIGUEIRA"),was an officer, agent, and employee of LAPD.

7. At all times mentioned herein, Defendant N. ORTEGA (hereinafter "ORTEGA"), was an officer, agent, and employee of LAPD.

8. At all times mentioned herein, Defendant L. VINCE (hereinafter "VINCE"), was an officer, agent, and employee of LAPD

9. At all times mentioned herein, the COUNTY OF LOS ANGELES was and is a public entity (hereinafter "COUNTY").

10.    At all times mentioned herein, the COUNTY OF LOS ANGELES DEPARTMENT OF CHILDREN ANF FAMILY SERVICES (hereinafter "DCFS") was and is a subdivision or entity of the LOS ANGELES .

11.    At all times mentioned herein, Defendant MARC WILLIAMS (hereinafter "WILLIAMS"), was an officer, agent, and employee of DCFS.

12.    At all times mentioned herein, Defendant EMILIO MENDOZA,(hereinafter "MENDOZA"), was an officer, agent, and employee of DCFS.

13.    At all times mentioned herein, Defendant JOANNE COTHERN(hereinafter "COTHERN") was an officer, agent, and employee of DCFS.

14.    At all times mentioned herein, Defendant CHELSEA MARTIN(hereinafter "MARTIN") was an officer, agent and employee of DCFS.

15.    At all times mentioned herein, Defendant DONNA BUCKLEY (hereinafter "BUCKLEY") was an officer, agent DCFS

16.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 10, Inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

17.    Plaintiffs are informed and believe and, based upon such information and belief, allege that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

18.    Plaintiffs are informed and believe and, based upon such information and belief, allege that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-Defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

## COMMON ALLEGATIONS

19.     M.R. is the twelve (12) year old biological daughter of MICHAEL. M.R.'s has been raised by MICHAEL since her mother left her at the age of three.

20.     On or about May 12, 2012, Plaintiffs were relocated from their home in Woodland Hills, California to the Warner Center Marriott by their homeowners insurance company because of flooding caused by a broken pipe in the wall/ceiling of their home. Both MICHAEL and M.R. were given adjoining rooms at the hotel. All expenses were paid by the insurance company, including room and board.

21.     During the ensuing ninety (90) day stay at the hotel while his home was repaired MICHAEL had a series of disputes with the hotel general manager regarding the service being provided by the hotel.  These disputes resulted in  numerous emails and other communications to the general manager of the facility.

22.     On the July 1, 2012, the hotel staff requested that MICHAEL and M.R. relocate to other rooms in order to accommodate guests who had previously booked those rooms to watch the 4th of July fireworks display. MICHAEL agreed to the move, and again MICHAEL and M.R.  were given adjoining rooms.

23.     On July 4, 2012 MICHAEL again complained to the general manager of the hotel, this time about garbage in the parking facility. MICHAEL threatened to report the general manager to the owners of the hotel, and Marriott Corporation, if his complaints were not resolved.

24.     On or about July 5, 2012, *4 days after he had vacated the original room,* the hotel general manager reported to the defendant LOS ANGELES POLICE DEPARTMENT that a maid had found drug paraphernalia, including a needle and "coke can" used for consuming heroin in that room. Despite the fact that MICHAEL denied that he ever used heroin, needles of any kind; and despite the fact that there had been *at least* one other group of guests occupying the room since MICHAEL had vacated it; and despite the fact that MICHAEL had no physical signs or symptoms of heroin use; *and despite the fact that*

*MICHAEL offered to be drug tested for the use of illicit drugs,*[1]  MICHAEL was arrested by Defendants CITY OF LOS ANGELES and LAPD employees and officers VINCE, ORTEGA, and FIGUEIRA, without good cause,  and M.R. was detained.  No drugs, paraphernalia, or contraband  of any kind was found on MICHAEL'S person, or in either room.[2]  No dangerous, or illegal items were confiscated or observed by the CITY employees.

25.    Both MICHAEL and M.R. were taken to the Topanga Division station of the Los Angeles Police Department.  MICHAEL was strip searched, including a "cavity" search, apparently in a vain attempt to justify the detention, and again no drugs or other illegal substances were found.

26.    In the mean time, CITY Defendants had contacted the Defendant COUNTY, and Defendant MARC WILLIAMS was called to the police station.  WILLIAMS interviewed both MICHAEL and M.R., and was told that there were no issues related to the MICHAEL'S care, custody, and control of M.R., by both.  WILLIAMS was also told by CITY employees that MICHAEL was going to be released, that the only charge that was to be brought, was the infraction of possession of the small amount of marijuana that had been confiscated from MICHAEL'S friends purse.[3]

27.    At the time  M.R. was interrogated by both CITY employee's and WILLIAMS she stated that she had never seen her father use drugs and that, other than through classes at school and on television, had never even seen drugs in real life.  No drugs or drug paraphernalia was found in M.R.'s room.  She stated that she had never seen any domestic violence between her father and mother, nor any violent acts by her father.  She was well

---

[1] Upon his release MICHAEL immediately checked into a hospital, and voluntarily took a drug test. There were no drugs in his system accept a small amount of marijuana.

[2] The police did find less than three grams of marijuana in the purse of a friend of MICHAEL that was visiting his room at the time.  She was not detained or charged.

[3] This charge was also eventually dropped.  MICHAEL WAS ULTIMATELY never charged with any offense.

1   nourished, and had adequate clothing and food.

2   28.   MICHAEL repeatedly asked WILLIAMS if he could take M.R. home, and was told

3   that WILLIAMS needed to talk to his supervisor MENDOZA. MICHAEL also told

4   WILLIAMS that M.R. was in special education summer classes and that it was important

5   that she remain in those classes. WILLIAMS falsely claimed that he would make sure that

6   she continued in those classes.

7   29.   After speaking with MENDOZA, both WILLIAMS and MENDOZA removed and

8   detained M.R. from the care custody and control of her father, MICHAEL, without just

9   cause and in violation of the rights of the Plaintiffs.

10   30.   On July 9, 2012, COTHERN sign, under penalty of perjury, a Juvenile Dependancy

11   Petition and filed said Petition with the Juvenile Court.  In that Petition, COTHERN

12   claimed that MICHAEL "possessed heroin, marijuana...hypodermic needles and drug

13   paraphernalia including a cut off soda can used for the ingestion of heroin," that

14   MICHAEL had "a history of illicit drug abuse" and that he "left M.R. alone in a hotel room

15   without adult supervision for an extended period of time."  None of these allegations were

16   true and COTHERN, knew they were not true.

17   31.   Thereafter in reports to the Juvenile Court, WILLIAMS and MENDOZA falsely

18   claimed that M.R. was at high risk of future abuse or neglect because "father should have

19   know that there was heroin in the room."  This despite the fact that MICHAEL had

20   explained to both Defendant LAPD employees and WILLIAMS the facts and

21   circumstances, and that in fact NO heroin was being used at any time by any person in the

22   room while occupied by M.R., MICHAEL or any of his guests. Defendants WILLIAMS

23   and MENDOZA also falsely claimed that because the family was staying at a hotel because

24   of the water leak, they did not have "stable housing."  Defendants WILLIAMS and

25   MENDOZA further alleged that MICHAEL was "neglectful" of M.R., that he had engaged

26   prostitutes, and that his substance abuse put his daughter at risk.

27   32.   All of these allegations were false, and Defendants WILLIAMS and MENDOZA

28

COMPLAINT FOR DAMAGES                6

1   knew they were false.

2   33.    During the course of the juvenile court proceedings all DCFS Defendants including

3   MARTIN and BUCKLEY misrepresented and made false statements to the Court

4   including; that the M.R.'S mother had been denied a restraining order at some time in the

5   past, only because she was a resident of New Mexico and he was a resident of California.

6   This was not true and Defendants MARTIN and BUCKLEY knew it was not true.  In fact,

7   Defendants MARTIN and BUCKLEY were aware that M.R.'S mother had been denied a

8   restraining order for lack of good cause.  In addition her mother had "kidnaped" M.R., had

9   severe mental problems and had a been convicted of a felony "assault with a deadly

10   weapon."

11   34.    Further false statements made by all DCFS defendants include:

12       1.    That MICHAEL was intoxicated during the interview.

13       2.    That M.R. was not bathed and had an "foul odor".

14       3.    That MICHAEL was arrested for child endangerment

15       4.    That M.R. had access to heroin

16       5.    That M.R. was sleeping in common areas where drugs were being used.

17   All of these statements were false and all DCFS Defendants knew that they were false.

18   35.    On March 15, 2013, Jurisdiction was dismissed and M.R. was returned to the care,

19   custody, and control of MICHAEL.

20   36.    Plaintiffs have filed a Government Tort Claim (GTC) concurrently with this

21   complaint.

## CAUSES OF ACTION AGAINST CITY OF LOS ANGELES AND

## ALL LOS ANGELES DEFENDANTS

### FIRST CAUSE OF ACTION

### [42 U.S.C. § 1983 Constitutional Violations Against Defendants FIGUEIRA,

### ORTEGA, AND VINCE]

37.    Plaintiffs re-allege and incorporates by reference each and every allegation

COMPLAINT FOR DAMAGES          7

contained in Paragraphs 1 through 36 above as though fully set forth herein.

38.    As a result of the acts alleged above, particularly the unlawful detentions and arrest described above, Plaintiffs were falsely arrested and detained and thus unlawfully seized. by Defendants without a warrant or probable cause.  Thus, Plaintiffs suffered a false arrest and unlawful seizure in violation of their constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiffs are entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial. Defendants, and each of them, are liable for this constitutional violation both directly and as a result of their failure to intervene and prevent or stop these constitutional violations.

39.    As a further result of the acts alleged above, particularly the act of being arrested in retaliation for the Plaintiffs invocation of their rights to counsel and the right to remain silent, Plaintiffs suffered a violation of their rights as guaranteed by the Fourth and Fifth Amendments to the United States Constitution.  As a result, Plaintiffs are entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial. Defendants, and each of them, are liable for this constitutional violation both directly and as a result of their failure to intervene and prevent or stop this constitutional violation.

40.    As a proximate result of the acts alleged above,  Plaintiffs were injured in mind and body, and sustained the injuries and damages, including, but not limited to, attorneys fees and costs and other economic damages, and also suffered severe emotional distress and an invasion of their privacy as a result of this incident, including that resulting from being arrested in a public  place and the humiliation attendant thereto.  Plaintiffs is therefore entitled to general and compensatory damages in an amount to be proven at trial.

41.    In committing the acts alleged above, Defendants FIGUEIRA, ORTEGA, AND VINCE and/or other LAPD officers, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, privacy and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### [42 U.S.C. § 1983 Constitutional Violations – Unlawful Policies, Procedures, Practices, Customs and/or Habits Against Defendant CITY OF LOS ANGELES AND LAPD ]

42.     Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 41 above as though fully set forth herein.

43.     On information and belief Plaintiffs alleges that defendant CITY OF LOS ANGELES AND LAPD, have unlawful policies, procedures, practices, customs and/or habits, including the improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Defendants FIGUEIRA, ORTEGA, AND VINCE, and/or other CITY OF LOS ANGELES and LAPD officers, which were the moving force for the constitutional deprivations, injuries and damages alleged herein.  As a result, Plaintiffs  are entitled to damages and relief pursuant to Title 42 U.S.C. § 1983, in an amount and nature to be proven at trial.

44.     Further, on information and belief Plaintiffs alleges that defendant CITY OF LOS ANGELES AND LAPD, had and have unlawful policies, procedures, practices, customs and/or habit of permitting or condoning the acts of false arrest, and unlawful search and seizure, including in retaliation for assertion of one's rights under the Fifth Amendment, by its police officers, including the individual defendants named herein.  Defendant CITY has a further unlawful policy, procedure, practice, custom and/or habit of inadequate training, supervision and disciplining of errant officers, including these defendants.

45.     As a proximate result of the unlawful policies, procedures, practices, customs and/or habits alleged above, Plaintiffs suffered the injuries alleged above and thus are entitled to general and compensatory damages in an amount to be proven at trial, and such other damages and relief as allowed pursuant to 42 U.S.C. § 1983 and all other applicable laws.

///

///

## THIRD CAUSE OF ACTION

### [Negligence Against Defendants FIGUEIRA, ORTEGA, AND VINCE]

46.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

47.     By the acts alleged above, Defendants and/or other LAPD officers were negligent and breached their duty of due care owed to Plaintiffs, thereby causing the violations, injuries and emotional distress described above.

48.     Further, in as much as Defendants FIGUEIRA, ORTEGA, AND VINCE, and/or other LAPD police officers, were acting as part of an investigation and proceedings of child abuse and neglect pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code, and because FIGUEIRA, ORTEGA, AND VINCE, and/or other LAPD police officers, did in fact use coercion, undue influence, fraud and or duress to obtain evidence and did so with the conscious disregard for the rights of the Plaintiffs and each of the, pursuant to California Government Code Section 820.21, the Defendants and each of them have waived and or forfeited any and all state law immunities upon which they might have otherwise relied.

## FOURTH CAUSE OF ACTION

### [False Arrest Against Defendants FIGUEIRA, ORTEGA, and VINCE]

49.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 48 above as though fully set forth herein.

50.     By the acts alleged herein, particularly the act of arresting Plaintiff without a warrant or probable cause, Plaintiff was falsely arrested and detained, entitling them to damages pursuant to California law.

51.     As a result of these acts Plaintiffs suffered the injuries and damages as described above, entitling her to damages in an amount to be proven at trial.

52.     In committing the acts alleged above, Defendants FIGUEIRA, ORTEGA, AND VINCE, and/or other LAPD officers, acted maliciously and/or were guilty of a wanton and

reckless disregard for the rights and feelings of Plaintiffs, and by reason thereof Plaintiffs is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### [Battery Defendants Against Defendants FIGUEIRA, ORTEGA, and VINCE]

53.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 52 above as though fully set forth herein.

54.   By the acts alleged herein, including the unwanted touching during the unlawful arrest upon Plaintiffs by defendants FIGUEIRA, ORTEGA, AND VINCE, and/or other LAPD officers, defendants committed a battery upon Plaintiffs, entitling Plaintiffs to damages pursuant to California law.

55.   As a result of these acts Plaintiff suffered the injuries and damages including severe pain and suffering and emotional distress, entitling her to damages in an amount to be proven at trial.

56.   In committing the acts alleged above, defendants FIGUEIRA, ORTEGA, AND VINCE, and/or other LAPD officers, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### [Civil Code § 52.1 Civil Rights Violations Against Defendants FIGUEIRA, ORTEGA, AND VINCE]

57.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

58.   The acts alleged above, particularly the acts of false arrest, constituted an unlawful seizure in violation of the Fourth and Fifth Amendments of the Constitution of the United States, respectively, as well as in violation of Plaintiffs rights guaranteed by the California Constitution and other laws, including the right of privacy. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiffs is entitled to damages pursuant

1   to California Civil Code section 52.1(b).

2   59.    By reason of the acts of Defendants and each of them alleged above, Plaintiffs

3   suffered the injuries and damages alleged above.  Plaintiffs is therefore entitled to general

4   and compensatory damages against defendants and each of them in an amount to be proven

5   at trial.

6   60.    In committing the acts alleged above, Defendants FIGUEIRA, ORTEGA, AND

7   VINCE, and/or other LAPD officers, acted maliciously and oppressively and by reason

8   thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at

9   trial.

**CAUSES OF ACTION AGAINST DEFENDANTS COUNTY OF LOS ANGELES,**

**LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES;**

**WILLIAMS; MENDOZA; COTHERN; MARTIN, BUCKLEY**

**SEVENTH CAUSE OF ACTION**

**[Violations of Civil Rights 42 U.S.C. §§1983-1985 Against Defendants**

**COUNTY, DCFS, WILLIAMS, MENDOZA, COTHERN; MARTIN; BUCKLEY**

**and DOES 1 through 10, Inclusive]**

61.    Plaintiffs adopt and incorporate as if set forth at length, and to the extent applicable,

paragraphs 1 through 60.

62.    Commencing on or about July 5, 2013 , and continuing through the present,

Defendants, COUNTY, DCFS, and their employee's including WILLIAMS, MENDOZA,

COTHERN, MARTIN; BUCKLEY , and DOES 1 through 10, Inclusive, and each of them,

as alleged herein, were acting under color of state law when they knew and agreed, and

thereby conspired, to unlawfully detain, seize, question, threaten, examine, coerce and/or

initiate and pursue an investigation and proceedings (without any basis) as to Plaintiffs and

to cause said minor to be removed from the care, custody, and control of MICHAEL,and

did so without proper reason or authority, court order (i.e. see *Mabe v. County of San*

*Bernardino* (9th Cir. (2001) 237 Fd. 3rd 1101; *Rogers v. County of San Joaquin,* 487 F.3d

288 (9th Circ. 2007); California Welfare and Institutions Code §§ 306, 309, 311 and 319), without reasonable probable cause, and with deliberate indifference to the rights of said Plaintiffs.

63.    The aforesaid Defendants, and each of them, conspired to interfere with and violate the civil rights of the Plaintiffs, as set forth under 42 U.S.C. § 1983, including violation of the Plaintiffs' rights found in the First, Fourth and Fourteenth Amendments of the United States Constitution, by, but not limited to, acting and conspiring to remove, detain and continue to detain, the person and/or physical and legal custody of the Plaintiff M.R. from the care, custody, and control of Plaintiff MICHAEL without proper or just cause and/or authority; by the use of intimidation, coercion and duress, and by using false and fabricated evidence and testimony, and failing to provide exculpatory evidence, during the investigation of the dependency proceedings in violation of, and interference to, the Plaintiffs' constitutional liberty interests under the First Amendment, their fundamental rights to familial association and due process under the Fourteenth Amendment, and in violation of Fourth Amendment rights against unreasonable searches and seizures.

64.    As a direct result of these Defendants' violation, and in accordance with 42 U.S.C. §1983, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying investigation, and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

65.    Said individual Defendants' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for the rights of the Plaintiffs herein, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from said individual Defendants' wrongful acts for the purposes of punishing said Defendants and to deter others from such conduct in the future.

///

## **EIGHTH CAUSE OF ACTION**

**[Monell Related Claims By Plaintiffs Against the COUNTY and  DCFS ]**

66.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 65.

67.    At all relevant times herein, Defendant COUNTY, including through its D.C.F.S . agency, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, including those under the First, Fourth and Fourteenth Amendments; including but not limited to:

    a.    The policy of detaining and/or removing children from their parents without exigent circumstances (imminent danger of serious bodily harm), court order and/or consent of their parent or legal guardian;

    b.    The policy of detaining and/or removing children from their parents and failing to determine whether the scope of the intrusion was reasonably necessary to avert the specific injury;

    c.    The policy of causing minor children to be dependents of the County, and continuing to be dependents, removing their legal and physical custody from their parents beyond a reasonable period after the alleged basis for any such removal and continued detention is negated;

    d.    The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigation of allegations of child abuse and/or neglect;

    e.    The policy of using trickery, duress, fabrication and/or false testimony or evidence, and in failing to provide exculpatory evidence, in preparing and causing an interference with the Plaintiffs' rights, including those as to due

process and familial relations and injuring and harming them;

f.  The policy of causing medical examinations of minor children without the knowledge, consent, presence, and/or authorization of the parents or legal guardians, and without exigency (imminent threat of serious bodily harm), without medical need, and without court order;

g.  The policy of failing to promptly provide exculpatory and/or relevant and related evidence, testimony, reports and information regarding the ongoing investigation of juvenile dependency matters, when such information would negate the basis for continued investigation of the minor children; and

i.  By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, and under California law, when performing actions related to the investigation of child abuse and neglect, including dependency type proceedings.

(The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records, which are subject to access, use and/or disclosure pursuant to California Welf. & Inst. Code §§ 827 and 828).

68.  Defendants COUNTY, as well as D.C.F.S . as an agent of the COUNTY, had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within DCFS; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

69.  COUNTY breached its duties and obligations to Plaintiffs, including but not limited

COMPLAINT FOR DAMAGES          15

to, failing to establish, implement and follow the correct and proper Constitutional polices, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting named Defendants, and DOES 1 through 10, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

70.     Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs.

71.     These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereto, Plaintiffs have sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

**NINTH CAUSE OF ACTION**

**[Assault and Battery - By Plaintiff M.R. Against ALL INDIVIDUAL  COUNTY and DCFS  DEFENDANTS, and DOES 1 through 10, Inclusive]**

72.     Plaintiffs reallege, adopts and incorporated as if set forth at length, and to the extent applicable, paragraphs 1 through 71.

73.     That Defendants, and Does 1 through 10, Inclusive, by their conduct intended to cause, and did cause, M.R.  great apprehension and fear of harmful contact to their person by, but not limited to, their removal and detention from MICHAEL Plaintiff, by making false accusations of physical abuse and neglect, including for use as testimony and evidence in the aforementioned Juvenile Court proceedings.

74.     Further, Defendants, and Does 1through 10 did cause the great apprehension and fear of harmful contact by M.R. to her person, by but not limited to, their conduct in or unlawful authorization of the  physical examination,  including x rays, blood tests and

1    sexual abuse examination, the scope of which is not yet known, of M.R.

2    75.    All Defendants, and Does 1 through 10, Inclusive, with the encouragement,

3    knowledge, advice, counsel and at the request, direction, authorization and/or agreement

4    of the other defendants, acted with the intent to make, and did make, or caused others to

5    make, harmful contacts with M.R.'s body while unlawfully removing and detaining,

6    continuing to detain, and authorizing or conduction the unlawful physical examination out

7    lined above.  At no time did Plaintiff constructively or otherwise, consent to such contact,

8    nor was any proper consent obtained by law, by court order, or from MICHAEL .

9    76.    Defendant COUNTY, is vicariously responsible for the conduct of said Defendants

10   under Government Code § 815.2.

11   77.    As a direct and legal result of Defendants' tortious and unlawful conduct, M.R. has

12   suffered extreme physical, mental and/or emotional distress, including anguish and fear

13   to an extent and in an amount to be proven at trial.

14   78.    All Defendants and Does 1 through 10, Inclusive, acted with malice and with the

15   intent to cause injury to M.R., or acted with a willful and conscious disregard of the rights

16   of M.R., in a despicable manner.  Therefore, Plaintiff minors are entitled to an award of

17   punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and DOES

18   1 through 10, Inclusive, to deter them and others from such conduct in the future.

19              **TENTH CAUSE OF ACTION**

20   **[Battery - By Minor Plaintiff M.R. Against All Individual COUNTY Defendants,**

21                    **and DOES 1 through 10, Inclusive]**

22   79.    Plaintiffs reallege, adopts and incorporates as if set forth at length, and the extent

23   applicable, paragraphs 1 through 78.

24   80.    All Defendants, and Does 1 through 10, Inclusive, with the encouragement,

25   knowledge, advice, counsel and at the request, direction, authorization and/or agreement

26   of the other defendants, acted with the intent to make, and did make, or caused others to

27   make, harmful contacts with M.R.'s body while unlawfully removing, detaining, and

1  continuing to detain them.  At no time did Plaintiff constructively or otherwise, consent

2  to such contact, nor was any proper consent obtained by law, by court order, or from theiR.

3  81.    Plaintiffs are also informed and believe that on or after July 5, 2012 Defendant, and

4  DOES 1 through 10, Inclusive, had medical examinations and procedures conducted on

5  M.R., without the knowledge, consent, authorization of MICHAEL, without the presence

6  of MICHAEL, and without any order or warrant for such examination, in violation of

7  Plaintiff minors rights, and in violation of Plaintiff MICHAEL'S rights, including those

8  as set forth in clear and established law in the case of *Wallis v. Spencer* (9th Cir. 2000) 202

9  F.3d 1126.

10  82.    As a direct and legal result of Defendants' wrongful, tortious and unlawful conduct,

11  M.R.  has suffered extreme physical, mental and/or emotional distress and injuries,

12  including anguish and fear to an extent and in an amount to be proven at trial.

13  83.    ALL INDIVIDUAL DEFENDANTS and Does 1 through 10, Inclusive, acted with

14  malice and with the intent to cause injury to Plaintiff M.R., or acted with a willful and

15  conscious disregard of the rights of said M.R., in a despicable manner.  Therefore, M.R.

16  is entitled to an award of punitive damages for the purpose of punishing ALL

17  INDIVIDUAL DEFENDANTS, and DOES 1 through 10, Inclusive, to deter them and

18  others from such conduct in the future.

## ELEVENTH  CAUSE OF ACTION -

### [False Imprisonment - By Minor Plaintiff (M.R.) Against All Individual County Defendants and Does 1 through 10, Inclusive]

84.    Plaintiffs reallege, adopts and incorporates as if set forth at length, and to the extent

applicable, paragraphs 1 through 83.

85.    All Defendants, and DOES 1 through 10, Inclusive, unlawfully removed, detained,

and continued to detained M.R. without evidence of any imminent danger of serious

physical injury, without just or reasonable cause, without consent of MICHAEL, and/or

without probable cause; and therefore deprived her of her personal civil liberties.  The

unlawful removal, and thereafter the continued detention of M.R., as part of a dependency investigation commenced on July 5, 2012, and continued intermittently until the matter was dismissed on March 15, 2013.

86.    Defendant COUNTY, is vicariously responsible for the conduct of these Defendants under Government Code § 815.2.

87.    As a legal result of Defendants' actions M.R.  was physically, mentally and/or emotionally injured, all to an extent and in an amount subject to proof at trial.

88.    All individual Defendants, and DOES 1 through 10, Inclusive, acted with malice and with the intent to cause injury to M.R., or acted with a willful and conscious disregard of the rights of said Plaintiff in a despicable manner. In addition, said Defendants, and each of them, engaged in despicable conduct that subjected M.R. to cruel and unjust hardship in conscious disregard of her rights. Therefore, M.R. is entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and DOES 1 through 10, Inclusive, to deter them and others from such conduct in the future.

## TWELFTH  CAUSE OF ACTION

### [ Intentional Infliction of Emotional Distress - By Plaintiffs Against All Individual Defendants and Does 1 through 10]

89.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 88.

90.    All Defendants, and DOES 1 through 10, Inclusive, engaged in the aforementioned outrageous, unprivileged conduct, including, but not limited to; providing the Court with false and misleading information in a warrant to remove the minor children form their parents care custody and control;  by wrongfully and unlawfully removing, detaining, and the continued detention, of M.R.; by investigating and questioning with intimidation, coercion and duress of Plaintiffs; by maliciously withholding exculpatory evidence; by falsely and maliciously alleging and reporting that M.R.'s  physical health and safety were threatened by MICHAEL,  and each of them, by  failing  to  provide  evidence  and

information which would negate removal and continued detention of Plaintiff minor, including when properly and reasonable requested; by first placing without just cause or due process the names of the those accused of abusing and or neglecting their children on the Child Abuse Central Index, and then refusing to remove, or request the removal.

91.    Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code §815.2.

92.    These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they knew not to be true and improper.

93.    As a legal result of Defendants' tortious conduct, Plaintiffs, and each of them, suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

94.    All individual Defendants, and DOES 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduction in the future.

### THIRTEENTH CAUSE OF ACTION

**[Violation of State Civil Rights Under California Civil Code § 43 Against All Individual County Defendants by All Plaintiffs]**

95.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 94 herein.

96.    All Defendants, and DOES 1 through 10, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California and federal law, including as to proceedings described in California Government Code § 820.21(a), and, including, but not limited to, the required compliance to California Welfare

and Institutions Code Sections:

-290.1 (regarding the requirements when taking a child into custody and immediately filing a petition including as to the requirements in *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* (9th Cir. 2001) 237 F.3d 1101, 1107);

-300 (including regarding the disruption of or intrusion into family life);

-305 (regarding conditions allowing temporary custody without warrant);

-306 (including regarding the conditions in which to take, and maintain, custody of a minor without a warrant to remove);

-307 (including regarding required notice to parents and giving preference to alternatives which least interfere with parents custody of the minor);

-307.4 and 308 (regarding providing immediate notice to parents and other certain rights);

-309 (including regarding the conditions required to investigate the facts and circumstances of a minor taken into custody and when to release said minor to the custody of his parent or guardian, or to temporarily place the minors);

-311 (regarding the requirements of filing a petition pursuant to the requirements of section 332);

-319 (including regarding the requirements of filing a court report regarding why a minor has been removed and the need for continued detention);

-324.5 (regarding medical procedures of a child in protective custody, including as required in *Wallis v. Spencer* (9th Cir. 2000) 202 F.3d 1126; and

-332 (regarding the filing and contents of a petition).

97.    To the extent not separately responsible, Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code § 815.2.

98.    As a result of the conduct of said Defendants, and each of them, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, violated Plaintiffs' personal and civil rights, including the right of protection from

1  unwarranted and unlawful seizure, bodily restraint or harm, from personal and physical

2  insult and violation, from defamation and from injury to personal relation, as set forth in

3  California Civil Code §43, including by, but not limited to, by interfering, by threats,

4  intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs'

5  rights secured by the United States Constitution, other Federal laws, and the Constitution

6  and laws of the State of California (conduct not immunized by California's Government

7  Code § 820.21 and federal law), under color of law and  by the use of fabrication of

8  evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to

9  obtain, evidence and testimony by duress, fraud and undue influence.  (Pursuant to

10  *Venegas v. County of Los Angeles*  (2004) 32 Cal. 4th 820, Plaintiffs are not required to

11  make a showing of discriminatory intent or show that they are members of a protected

12  classification to exercise these rights).

13  99.  The acts of Defendants that are previously alleged in this Complaint, and

14  incorporated by the references herein to the extent applicable, interfered, or attempted to

15  interfere, with the exercise of Plaintiffs' personal and civil rights under the laws and

16  Constitution of the State of California, including the Plaintiffs' rights of privacy and those

17  rights under Civil Code § 43, as well as the laws and the Constitution of the United States,

18  as stated herein.

19  100.  As a direct and proximate result of the aforementioned conduct of Defendants, and

20  each of them, Plaintiffs have suffered and will continue to suffer damages, including but

21  not limited to, great emotional and psychological distress, humiliation and mental anguish,

22  the nature and amount of which will be shown according to proof at trial.

23  101.  These violations of the Plaintiffs' personal and civil rights by Defendants, and Does

24  1 through 10, Inclusive, and each of them, are protected and guaranteed by California Civil

25  Code § 52.1 entitling Plaintiffs to damages and relief, including damages under California

26  Civil Code § 52, other equitable relief, punitive damages, injunctive relief, statutory civil

27  penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees,

1    (pursuant to CC § 52.1(h)), all of which are requested herein.

2    102.   In doing the acts alleged in this Complaint, Defendants, and each of them, knew or

3    should have known, that their actions were likely, or would, to injure and damage

4    Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual

5    Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or

6    acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs

7    to recover punitive damages as against said individual Defendants.

8    **FOURTEENTH  CAUSE OF ACTION**

9    **[Violation of State Civil Rights Code §52.1 Against All Individual County**

10   **Defendants - By All Plaintiffs]**

11   103.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent

12   applicable, paragraphs 1 through 102 herein.

13   104.   All Individual Defendants, and DOES 1 through 10, Inclusive, are individuals who

14   were acting under color of law in conducting an investigation and proceedings pursuant

15   to California law, including as to proceedings described in Government Code § 820.21(a).

16   105.   To the extent not separately responsible, Defendant COUNTY is vicariously

17   responsible for these Defendants' conduct under Government Code § 815.2

18   106.    As a result of the conduct of said Defendants, and DOES 1 through 10, Inclusive,

19   as adopted and incorporated by paragraphs previously set forth herein, Defendants and

20   each of them, have violated Plaintiffs' rights by interfering with Plaintiffs' rights by

21   threats, intimidation, or coercion, or attempts thereto, including to force Plaintiffs to

22   conform to their demands, and in retaliation of Plaintiff's exercise of their rights, causing

23   the violation and interference with the exercise or enjoyment of Plaintiffs' rights secured

24   by the laws and Constitution of the United States, and the Constitution and laws of the

25   State of California, including by using fabricated evidence, failure to disclose exculpatory

26   evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress,

27   fraud and undue influence, in juvenile dependency investigations and proceedings.

28

107.   As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

108.   These violations of the Plaintiffs' rights by Defendants, and Does 1 through 10, Inclusive, and each of them, are guaranteed and protected by Civil Code §52.1 entitling Plaintiffs to damages and relief, including compensatory and punitive damages, other equitable relief, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, all of which are requested herein.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

109.   In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions were likely, or would, to injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For compensation for violation of those rights, remedies and relief allowed by 42 U.S.C. § 1983, including those under *Monell v. Department of Social Services*, 436 US 658;

3. For exemplary and punitive damages against Defendants FIGUEIRA, ORTEGA, AND VINCE only, in an amount to be proven at trial;

4. For reasonable attorneys fees and for costs of suit herein, including reasonable attorneys fees under 42 U.S.C. § 1983 and applicable California laws and statutes; and

5. For such other relief as the Court deems proper.

Dated: July 2, 2013                LAW OFFICES OF DONNIE R. COX

Donnie R. Cox, Esq., Attorney for Plaintiffs

COMPLAINT FOR DAMAGES                    25

Donnie R. Cox, Esq. SBN 137950;
Law Office of Donnie R. Cox
402 North Nevada Street
Oceanside, CA 92054-2025 (760) 400-0263

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Rabinovitz; M.R., a minor by and through her Guardian Ad Litem, Marion G. Rabinovitz<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV13 - 04823 GW(JEMx) |
| City of Los Angeles; Los Angeles Police Department; (continued on attached page)<br><br>DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Donnie R. Cox_____, whose address is _402 North Nevada Street, Oceanside, CA 92054._____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____**JUL -8 2013**____

By: ____**NANCY INTERIA**____
        Deputy Clerk

        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Attachment to Summons: CV-01A(12/07)

Defendants Continued:  Detective Carlos Figueira; Detective N. Ortega; Detective L. Vince; County of Los Angeles; Los Angeles Department of Children and Family Services; Marc Williams; Emilio Mendoza; Joanne Cothern; Chelsea Martin; Donna Buckley, and Does 1 through 10 Inclusive.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MICHAEL RABINOVITZ, M.R., a minor by and through her Guardian Ad Litem, Marion G. Rabinovitz | City of Los Angeles; Los Angeles Police Department; Detective Carlos Figueira; Detective N. Ortega; Detective L. Vince; County of Los Angeles; Los Angeles Department of Children and Family Services; Continued on next Sheet. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Donnie R. Cox, Esq., Law Offices of Donnie R. Cox, 402 North Nevada Street, Oceanside, CA 92054 (760) 400-0263 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983; Violation of Civil Rights, Monell related claims, and Pendant State Claims,

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 |

CV13 - 04823   GW (JEMx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date July 2, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Attachment to Civil Case Coversheet. CV-71(05/08)

Defendants Continued:  Marc Williams; Emilio Mendoza; Joanne Cothern; Chelsea Martin; Donna Buckley, and Does 1 through 10 Inclusive.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge __George H Wu__ and the assigned discovery Magistrate Judge is __John E McDermott__.

The case number on all documents filed with the Court should read as follows:

### CV13-4823 GW(JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ **Western Division** | ☑ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**